United States District Court
Middle District of Florida
Jacksonville Division

**ALAN J. LOCKLEY,**

     *Plaintiff,*

v.

                            **NO. 3:25-cv-1381-MMH-PDB**

**FLORIDA DEPARTMENT OF
CHILDREN AND FAMILIES &
HEMPHILL & HEMPHILL, P.A.,**

     *Defendants.*

---

## Report and Recommendation

The plaintiff proceeds without a lawyer and applies to proceed without prepaying fees. Doc. 2. He sues the Florida Department of Children and Families and a law firm for alleged violations of state and federal law based on improper garnishment of income under a child support agreement. Doc. 1.

The undersigned ordered the plaintiff to take two actions by January 8, 2026: (1) file a complete application to proceed without prepaying fees or costs or pay the $405 filing fee, and (2) file an amended complaint in accord with the order. Doc. 6. The undersigned attached the form application to the order, explained the law, and directed the plaintiff to resources for unrepresented litigants. Since that order, he has filed nothing.

A court may dismiss a case for failure to comply with an order. *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). Dismissal with prejudice is appropriate "only in extreme circumstances"; there must be a clear record of delay or willful conduct that lesser sanctions would be insufficient to

correct. *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (quoted authority omitted).

Here, no extreme circumstance is present. Dismissal without prejudice is warranted because the plaintiff failed to comply with the order directing him to file a complete application or pay the $405 filing fee and file an amended complaint. *See* Doc. 6. Insofar as the complained of conduct is based on a garnishment occurring in October 2025, *see* Doc. 1 ¶ 16, no statute-of-limitations issue appears to exist.

The undersigned **recommends** (1) dismissing the action without prejudice and (2) directing the clerk to terminate the pending motion, Doc. 2, and close the file.

"Within 14 days after being served with a copy of [a] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). An objection must not exceed 10 pages. Local Rule 3.01(b). "A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). A response must not exceed 10 pages. Local Rule 3.01(c). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C) ("A [district judge] shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). "A party failing to object to … findings or recommendations … in a report and recommendation … waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions[.]" 11th Cir. R. 3-1.

**Entered** in Jacksonville, Florida, on January 15, 2026.

Patricia D. Barksdale
United States Magistrate Judge

c:    Alan J. Lockley
4501 Moncrief Road
Jacksonville, FL 32209

3